UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

ASHAVAN "BILLY" PURCHESS,

Petitioner,

v.

CONSTANCE REESE, Warden,

Respondent.

Civil No. 00-1589 (PAM/JGL)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

**I. BACKGROUND**

In 1995, Petitioner was indicted in the U.S. District Court for the Western District of Wisconsin, on one count of conspiracy to import cocaine and marijuana into this country. He later pled guilty and was sentenced to 168 months in federal prison. He is presently

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

FILED JUL 10 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

serving his sentence at the Federal Medical Center in Rochester, Minnesota.

Sometime after being convicted and sentenced, Petitioner took a direct appeal to the Seventh Circuit Court of Appeals, claiming that the trial court had committed several errors during sentencing. His claims were rejected, however, and the Court of Appeals affirmed his conviction and sentence. U.S. v. Purchess, 107 F.3d 1261 (7th Cir. 1997).

Thereafter, Petitioner filed a motion seeking relief under 28 U.S.C. § 2255, in which he presumably challenged the validity of his conviction and/or sentence. His § 2255 motion was denied by the trial court, as were two or three subsequent motions by which Petitioner attempted to overturn his conviction and/or sentence.

In his present application for habeas corpus relief pursuant to 28 U.S.C. § 2241, Petitioner is once again seeking review of his criminal case. He now claims that (1) the indictment that preceded his conviction was defective, and (2) he received ineffective assistance of counsel. However, the Court concludes, for the reasons discussed below, that Plaintiff's habeas corpus claims cannot be entertained on the merits, and that his petition must be summarily dismissed.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is

inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986)(per curiam), quoting 28 U.S.C. § 2255; see also, Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983)(per curiam).

In this case, Petitioner is specifically requesting that his conviction be vacated and that he be released from custody. Because Petitioner is obviously challenging the validity of his original conviction and/or sentence, his present petition is barred by § 2255's exclusive remedy rule, unless he can show that § 2255 is "inadequate or ineffective."

In some cases, a § 2241 petition that is barred by the exclusive remedy rule can simply be construed as a motion brought under § 2255. The matter can then be transferred to the trial court judge so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because he has already done so at least once before. Any § 2255 action that he might now attempt to pursue would have to be construed as a "second or successive" application for relief, which, under the Anti-terrorism and Effective Death Penalty Act, ("AEDPA"), could not be entertained by the trial court without the prior approval of the Circuit Court of Appeals for the circuit where Petitioner was convicted. 28 U.S.C. §§ 2244(b)(3) and 2255

(final paragraph).[2]

Without a pre-authorization order from the appropriate circuit court, a trial court cannot exercise jurisdiction over a second or successive § 2255 motion. Nunez v. United States, 96 F.3d 990, 991 (7th Cir. 1996). Because the instant Petitioner has not obtained a pre-authorization order from the Seventh Circuit Court of Appeals, the trial court judge

---

[2] According to the final paragraph of 28 U.S.C. § 2255:

> "A second or successive motion [under § 2255] must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

28 U.S.C. § 2244(b)(3) provides that:

> "(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.
> (B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.
> (C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.
> (D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.
> (E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

could not entertain a new § 2255 motion at this time. Id. It would therefore be inappropriate to construe the present habeas corpus petition as a § 2255 motion and attempt to transfer this matter to the court in which Petitioner was convicted and sentenced.

Petitioner may have deliberately elected to seek relief under 28 U.S.C. § 2241, believing that the remedy provided by § 2255 has become "inadequate or ineffective to test the legality" of his conviction because the rules governing second and successive petitions prevent him from bringing another § 2255 motion before the trial court. He may believe that his current petition is exempt from § 2255's exclusive remedy rule because § 2255 is presently inadequate or ineffective, and thus he may believe that he should be allowed to challenge his conviction and/or sentence in a § 2241 habeas corpus proceeding. Any such reasoning, however, must be rejected.

The rules barring successive § 2255 motions would be rendered meaningless if a prisoner whose claims were barred could simply argue that the remedy provided by § 2255 had become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus action. Congress could not have intended for the rules governing successive § 2255 motions to be so easily evaded. Thus, it is not surprising that our Court of Appeals has recently confirmed that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because petitioner has allowed the one year statute of limitations and/or grace period to

expire." United State v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted). Similar decisions have been reached in other circuit courts that have considered this subject. See e.g., U.S. v. Barrett, 178 F.3d 34, 50 (1st Cir. 1999) (a petition under § 2255 cannot become "inadequate or ineffective," thus permitting the use of § 2241, merely because a petitioner cannot meet the requirements for filing a second § 2255 motion), cert. denied, 120 S.Ct. 1208 (2000); Charles v. Chandler, 180 F.3d 753, 756 (6th Cir. 1999) ("the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, [citations omitted], or because the petitioner is procedurally barred from pursuing relief under § 2255, [citations omitted], or because the petitioner has been denied permission to file a second or successive motion to vacate, [citation omitted]"); In re Vial, 115 F.3d 1192, 1194, n. 5 (4th Cir. 1997) ("the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision... or because an individual is procedurally barred from filing a § 2255 motion").

"A federal prisoner should be permitted to seek habeas corpus [under § 2241] only if he had no reasonable opportunity to obtain earlier judicial correction of a fundamental defect in his conviction or sentence because the law changed after his first 2255 motion." In re: Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis added). Applying this rule here, the Court finds that Petitioner is not eligible for habeas corpus relief under 28 U.S.C. § 2241. He had a reasonable opportunity to raise his current claims for relief on direct appeal, and again in his first § 2255 motion to the trial court. He cannot now claim that § 2255 is "inadequate or ineffective" simply because he is no longer eligible for relief under

that statute.

Thus, the Court concludes that Petitioner cannot challenge the validity of his original conviction and/or sentence in a habeas corpus petition brought under 28 U.S.C. § 2241. Such challenges can be raised only in a motion brought under § 2255. The instant petition, which directly challenges the validity of his criminal prosecution, must therefore be summarily denied. It will be recommended, however, that the petition be dismissed without prejudice, so that Petitioner will still have the option of asking the Seventh Circuit Court of Appeals to enter a pre-authorization order, pursuant to 28 U.S.C. § 2244(b), which would allow him to file another § 2255 motion with the trial court judge.[3]

Finally, the Court notes that Petitioner did not pay the $5 filing fee for his petition, (see 28 U.S.C. § 1914(a)), but instead filed an application seeking leave to proceed in forma pauperis, ("IFP"). (Docket No. 3.) Because Petitioner has failed to state a habeas corpus claim on which relief can be granted, his IFP application must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii); see also, Kruger v. Erickson, 77 F.3d 1071, 1074, n. 3 (8th Cir. 1996) (per curiam) (IFP application should be denied where habeas petition cannot be entertained). Petitioner has also filed a "Motion For Appointment Of Counsel." (Docket No. 4.) Because his habeas corpus petition is facially defective, Petitioner's request for appointed counsel will also be denied. See Edgington v. Missouri Dept. of Corrections,

---

[3] Petitioner should not misconstrue this recommendation as encouragement to return to the Court of Appeals. As far as this Court can discern, Petitioner will not be able to satisfy any of the conditions for obtaining a pre-authorization order. See 28 U.S.C. § 2244(b)(2). That, however, is a matter for the Seventh Circuit to decide, if Petitioner brings a proper motion before that Court.

52 F.3d 777, 780 (1995) (appointment of counsel should be considered if the claimant has stated a facially cognizable claim for relief).

## III. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Application To Proceed Without Prepayment Of Fees, (Docket No. 3), be DENIED;

2. Petitioner's Motion For Appointment Of Counsel, (Docket No. 4), be DENIED; and

3. Petitioner's Application For A Writ Of Habeas Corpus Pursuant To 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED WITHOUT PREJUDICE.

Dated: July 10, 2000

JONATHAN LEBEDOFF
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 27, 2000, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.